Fritts's Case.

In re petition of MARGARET H. FRITTS for admeasurement of dower.

On a widow's petition, in the prerogative court, for commissioners to set off her dower, objections amounting to an equitable bar, which the widow denies, will not be considered.

*Mr. J. T. Bird*, for petitioner.

*Mr. J. N. Voorhees*, for respondent.

THE ORDINARY.

The petitioner, the widow of George Fritts, deceased, applies for the appointment of commissioners to set off her dower in the lands whereof her husband died seized, situated in the counties of Hunterdon and Warren. The petition gives no intimation of the existence of any obstacle or objection to the judicial action which it invokes. The respondent insists that the petitioner is barred of her dower by an oral ante-nuptial settlement or agreement for jointure.

It appears, by the answer, that Mr. Fritts left a valid will, in which he states that there was such a settlement, and

makes provision for it, and also makes an additional provision for his widow, declaring, however, that those provisions are to be in lieu of her dower in his real estate. It also appears that the petitioner has, since her husband's death, released her dower in part of his lands, in consideration of the interest of one-third of the purchase-money for life. It is not alleged that she did not file her dissent to release the provision made for her by the will in lieu of dower. She does not appear to have accepted it.

Whether there exists an equitable bar or not, will not be considered in these proceedings. The party seeking to avail himself of such a bar, will be left to his recourse to equity for relief in that respect. The petitioner does not admit the existence of the agreement, but denies it, and she denies its validity, if established, to bar her claim of dower. There is, however, an objection to making an appointment of commissioners as the case stands. A guardian *ad litem* must first be appointed for the infant devisees. *Pierson* v. *Hitchener, 10 C. E. Gr. 129.*